**ORAL ARGUMENT NOT SCHEDULED**

**No. 20-7032**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**ALEXANDER BASTANI, ET AL.,**

Plaintiff-Appellant,

**v.**

**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES,**

Defendant-Appellee.

---

On Appeal from the United States District Court
for the District of Columbia, No. 1:18-cv-0063
(Hon. Trevor N. McFadden, U.S. District Judge)

---

**DEFENDANT-APPELEE AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES' MOTION TO DISMISS APPEAL FOR WANT OF PROSECUTION OR TO EXTEND TIME TO FILE APPELLEE'S BRIEF**

---

Defendant-Appellee American Federation of Government Employees, ("AFGE") hereby submits the following Motion to Dismiss Appeal for Want of Prosecution or, in the alternate, Extend Time to File Appellee's Brief ("Motion"). Pursuant to Rule 31(c), AFGE respectfully requests that the Court dismiss Plaintiff-Appellant's appeal for want of prosecution. In the alternate, AFGE respectfully requests that the Court extend AFGE's time to file it's brief by sixty days until February 4, 2022.

**BACKGROUND**

Plaintiffs filed their appeal in this matter on April 13, 2020. Doc. No. 1838559. On December 22, 2020, the Court issued a briefing schedule in the case requiring Plaintiffs to file their brief by February 1, 2021. Doc. No. 1876804. On January 21, 2021, the Court granted Plaintiffs' first unopposed motion to extend time to file their brief and extended their deadline to file their opening brief until March 19, 2021. Doc No. 1881014. On March 15, 2021, the Court granted Plaintiffs' second unopposed motion to extend time to file their brief and extended their deadline to file their opening brief until May 18, 2021. Doc No. 1889779. On May 17, 2021, the Court granted Plaintiffs' third motion to extend time to file their brief and extended their deadline to file their opening brief until July 19, 2021. Doc No. 1898910. On July 20, 2021, the Court granted Plaintiffs' fourth motion to

extend time to file their brief and extended their deadline to file their opening brief until September 20, 2021. Doc No. 197073.

Plaintiffs filed a fifth motion to extend the deadline to file their opening brief on September 15, 2021. Doc. No. 1914250. On September 24, 2021, AFGE opposed Plaintiffs' fifth motion to extend its deadline and concurrently requested that the Court dismiss Plaintiffs' appeal for want of prosecution. Doc. No. 1915607. On October 14, 2021, the Court granted Plaintiffs' fifth request for an extension and denied AFGE's motion to dismiss. The Court subsequently set a briefing schedule requiring Plaintiffs to file their opening brief by November 4, 2021, and requiring AFGE to file its brief by December 6, 2021. Doc No. 1918173. The Court further provided that no further extensions to Plaintiffs' briefing deadline would be provided. Id.

Plaintiffs failed to meet the deadline to file their opening brief by November 4, 2021. Instead, Plaintiffs filed their brief on November 5, 2021, and on the same day also filed an "Amended" brief. See Doc Nos. 1921048 and 1921049. Subsequently, Plaintiffs filed a motion seemingly requesting an extension of time until November 22, 2021, to file a corrected brief. Doc No. 1921961. The Court has yet to render a decision on what appears to be Plaintiffs' sixth motion of time to extend the deadline to file their brief. Moreover, Plaintiffs failed to file a corrected or amended brief by the requested extension of November 22, 2021.

Through this Motion, AFGE respectfully requests that the Court dismiss Plaintiffs' case for want of prosecution. In the alternate, if the Court does not dismiss the case, AFGE requests that its deadline to file its brief be extended by sixty days until February 4, 2022.

**ARGUMENT**

AFGE respectfully requests that the Court dismiss Plaintiffs' appeal for want of prosecution because Plaintiffs have again missed their deadline to file their brief and have continually shown that they will not adhere to this Court's rules and orders. In the alternative, if this Court does not dismiss Plaintiffs' appeal, AFGE requests that it be provided an additional sixty days to file its brief.

**A. The Court Should Dismiss Plaintiffs' Appeal for Want of Prosecution and Failure to Meet the Court's Deadlines.**

Pursuant to Rule 31(c), the Court should dismiss Plaintiffs' case for want of prosecution because Plaintiffs failed to file their brief within the time provided by this Court. Specifically, in its October 14, 2021, Order, the Court informed Plaintiffs that their brief was due on November 4, 2021, and that no further extensions of the deadline for appellants' opening brief will be granted absent extraordinary circumstances. Plaintiffs' have already received five previous extensions to file their brief and have continually failed to provide an extraordinarily compelling reason for their failures to timely file.

Presently, Plaintiffs' sole excuse for filing late, and for filing a brief with errors, is that counsel failed to attempt to file until ten minutes prior to Plaintiffs' deadline. AFGE will note that Plaintiffs are not proceeding *pro se* and have demonstrated their ability to request extensions. It was incumbent on Plaintiffs, through counsel, to leave sufficient time for filing or to request another extension *prior* to the filing deadline. Here, they did neither. Consequently, AFGE believes that Plaintiffs should not be provided anymore allowance for their negligence and that Plaintiffs' appeal should be dismissed pursuant to Rule 31(c).

**B. If Plaintiffs' Appeal is not Dismissed the Court Should Extend AFGE's Deadline to File its Brief until February 4, 2022.**

If the Court does not dismiss Plaintiffs' appeal, AFGE requests that the Court extend its deadline to file it's brief in this matter. Initially, AFGE believes an extension is necessary to provide it time to determine what it will be responding to. Plaintiffs' late-filed brief has not been accepted and Plaintiffs have filed multiple briefs. Thus, at present, AFGE is uncertain which, if any, of Plaintiffs' briefs it will be responding to. Next, due to counsels press of business and the departure of counsel that litigated at the court below, AFGE respectfully requests additional time to ensure it expends sufficient time on its brief.

AFGE has not sought any previous extensions of time. Counsel for Plaintiffs has not responded to AFGE's request for consent to extend AFGE's deadline to file its brief.

In support of its request to extend the deadline to file its brief, AFGE state the following:

1. Pursuant to the Court's October 14, 2021, Order, AFGE's brief is due on December 6, 2021.
2. AFGE respectfully requests that the deadline to file its brief be extended by sixty days from December 6, 2021, to February 4, 2021.
3. Lead Counsel for AFGE is responsible for substantive filings due in the U.S. District Court for District of Columbia in December. Lead Counsel for AFGE is also responsible for numerous other matters, including assisting in the supervision of union elections on December 4, 2021, in Baltimore MD, and December 11, 2021, in Oklahoma City, OK.
4. Lead Counsel in the matter below, Gony Frieder-Goldberg, is no longer with AFGE, and co-counsel below, Gregory Watts, is on an extended leave of absence. The departure of previous counsel will make gathering records more time consuming, especially since Plaintiffs have failed to file an appendix or respond to AFGE's requests to discuss the appendix.

5. All AFGE's attorneys are primarily working remotely with reduced resources further necessitating additional time for the preparation of the briefs.
6. In addition, AFGE is still determining which of Plaintiffs' briefs it is responding to, and will not know which brief, if any, has been accepted by this Court until the Court issues a decision on Plaintiffs' pending motion.
7. Based on the obligations listed above and the press of business, AFGE requests that the Court grant this extension.
8. This requested extension of time will not unduly delay the progress of this case or prejudice any party.
9. An order granting an extension of time will permit AFGE to fully research and properly prepare their briefs.

Based on the above, AFGE respectfully requests that it be provided an additional sixty days to file its brief if the appeal is not dismissed for want of prosecution.

**CONCLUSION**

AFGE respectfully requests that the Court dismiss Plaintiffs' appeal for want of prosecution because they have yet again failed to adhere to the Court's rules and have failed to file an opening brief in a timely manner. In the alternative, AFGE

respectfully requests that its time to file its brief be extended until and through February 4, 2021.

Respectfully submitted,

/s/ Rushab Sanghvi
Rushab Sanghvi
Deputy General Counsel
AFGE, AFL-CIO
80 F Street NW
Washington DC 20001
202.639.6424
202.379.2928 (fax)
Bar No. 1012814
SanghR@afge.org

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A). This brief contains 1318 words, excluding parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).
2. This motion complies with the typeface requirement of Federal Rule of Appellate Procedure 27(d)(1)(E) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The brief has been prepared in a proportionally spaced typeface using MS Word in 14-point Times New Roman.

## CERTIFICATE OF SERVICE

I hereby affirm that on November 23, 2021, I caused to be served via the Court's electronic filing system, AFGE's Motion to Dismiss Appeal for Want of Prosecution or, in the alternate, Extend Time to File Appellee's Brief, the Clerk of the Court and all counsel registered with this Court's CM/ECF system.

Respectfully submitted,

/s/ Rushab Sanghvi
Rushab Sanghvi