# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued October 6, 2022                    Decided June 13, 2023

No. 20-7032

ALEXANDER J. BASTANI, ET AL.,
APPELLANTS

v.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES,
AFL-CIO,
APPELLEE

————

Appeal from the United States District Court
for the District of Columbia
(No. 1:18-cv-00063)

————

*Eleanor Jenkins* argued the cause and filed the briefs for appellant.

*Denise Duarte Alves* argued the cause for appellee.  With her on the brief was *Rushab Sanghvi*.

Before: RAO and CHILDS, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* ROGERS.

2

ROGERS, *Senior Circuit Judge*: Three former officers of a local affiliate of the American Federation of Government Employees, AFL-CIO ("AFGE") filed this lawsuit alleging that AFGE unlawfully retaliated against them for speech protected under Section 101(a)(2) of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"). Specifically, the former officers challenge AFGE's imposition of a trusteeship on the local union and their removal from office. The district court granted summary judgment to AFGE as to two officers and, after a jury trial, entered judgment on the merits for AFGE as to the third officer. For the following reasons, this court affirms.

**I.**

The Labor-Management Reporting and Disclosure Act of 1959 provides a "bill of rights" for members of labor organizations to "ensure . . . democratic[] govern[ance], and responsive[ness] to the will of the union membership." *Sheet Metal Workers' Int'l Ass'n v. Lynn*, 488 U.S. 347, 354 (1989) (quoting *Finnegan v. Leu*, 456 U.S. 431, 441 (1982)). Members may file a private cause of action for violations of their rights, 29 U.S.C. § 412, which include the freedom of speech and assembly, LMRDA § 101(a)(2), 29 U.S.C. § 411(a)(2).

The American Federation of Government Employees, AFL-CIO is a national labor organization composed of affiliate locals primarily representing federal government employees. Alexander Bastani, Eleanor Lauderdale, and Kevin McCarron are employees of the U.S. Department of Labor and members of Local 12 of AFGE. From 2006 to 2017, Bastani was Local 12's President, Lauderdale was Local 12's Executive Vice President, and McCarron was Local 12's Treasurer. Compl. ¶¶ 4–6.

3

On October 4, 2017, Local 12 was placed in trusteeship following reports of financial misconduct by the Local. An expedited procedure was initiated by J. David Cox, President of AFGE National, upon the recommendation of Vice President Eric Bunn and the vote of the AFGE National Executive Council. National Representative Nathaniel Nelson was appointed as trustee. In a memorandum to union members, Cox stated that the proposed basis for imposing the trusteeship was the failure of the Local Executive Board to abide by certain votes of the Local membership, including to establish an audit committee, and their expenditure of funds without proper approval. Pursuant to the AFGE National Constitution, a trusteeship hearing was held on December 1, 2017, in which the three-member panel ratified the trusteeship decision and removed the three Local 12 officers from their positions.

The Local 12 officers sought preliminary and permanent injunctions against imposition of the trusteeship, and declaratory and monetary relief against AFGE for violating their statutory rights of free speech. The district court granted partial summary judgment in favor of AFGE. *Bastani v. AFGE*, No. 1:18-cv-00063, 2019 WL 5727961, at *8 (D.D.C. Nov. 5, 2019). Lauderdale could not establish a *prima facie* case that AFGE had violated Section 101(a)(2) because she failed to present evidence showing that her removal from office was the result of protected speech and therefore constituted retaliation. *Id.* at *5. Similarly, McCarron did not present evidence of a causal connection between his protected speech and his removal from office. *Id.* at *5–6. Bastani's Section 101(a)(2) claim did not suffer from the same deficiencies and proceeded to trial, where a jury found that he had failed to show by a preponderance of the evidence that his protected speech or conduct was the cause of the adverse action against him. The district court entered judgment on his speech claim for AFGE. The Local 12 officers appeal the judgments.

4

The district court dismissed the officers' separate claims for violation of the AFGE National Constitution under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and for breach of contract under District of Columbia law. Neither of these rulings is challenged on appeal.

## II.

This court reviews the grant of summary judgment *de novo*. *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., Inc. v. Nat'l Right to Work Legal Def. & Educ. Found., Inc.*, 781 F.2d 928, 933 (D.C. Cir. 1986). The district court's findings of fact are reviewed for clear error. FED. R. CIV. P. 52(a)(6); *see also United States v. AT&T, Inc.*, 916 F.3d 1029, 1033 (D.C. Cir. 2019). Evidentiary rulings on preserved challenges are reviewed for abuse of discretion. *Bowie v. Maddox*, 642 F.3d 1122, 1134 (D.C. Cir. 2011). Where an objection is first raised on appeal, review is for plain error. *See Salazar ex rel. Salazar v. District of Columbia*, 602 F.3d 431, 437 (D.C. Cir. 2010) (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).

## A.

In appealing the district court's judgments for AFGE, the Local 12 officers present procedural and evidentiary challenges. Two officers take issue with the district court's view of the record in granting summary judgment for AFGE, Appellants' Br. 8–11, specifically that the court failed to examine factual assertions "in-depth," *id.* at 9.

To prevail on a motion for summary judgment, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*,

5

477 U.S. 242, 247-48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).    To withstand summary judgment, the non-moving party must identify "specific facts" in the record "showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.

Section 101(a)(2) of LMRDA provides:

Every member of any labor right organization shall have the right to . . . express any views, arguments, or opinions; and to express at meetings of the labor organization his views . . . upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings.

29 U.S.C. § 411(a)(2).  To establish a *prima facie* free speech claim under Section 101(a)(2), then, a plaintiff must show that (1) she engaged in speech protected by LMRDA; (2) she was subject to an adverse action; and (3) that action is causally linked to the protected speech. If the non-movant, after adequate time for discovery and upon motion, "fails to make a sufficient showing to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial," a court must enter summary judgment against it. *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1032 (D.C. Cir. 1988) (quoting *Celotex*, 477 U.S. at 322).  Neither Lauderdale nor McCarron made the requisite showing, and consequently summary judgment was appropriate on their free speech claims.

1.

Lauderdale's challenge fails to show a genuine dispute of material fact as to the first element of her free speech claim

6

under Section 101(a)(2).  She has not identified any specific instance of protected speech that could have formed the basis for retaliation against her.  The reply to AFGE's motion for summary judgment fails even to reiterate the bare allegations of the complaint: that Bastani was openly critical of several aspects of Cox's leadership as AFGE National President, and that Lauderdale was "generally," similarly critical. Compl. ¶ 28.  No response is proffered to AFGE's argument that Lauderdale neither identified critical comments she made of AFGE national leadership nor showed that the national union officers Cox or Bunn had knowledge of such criticism, whereas AFGE submitted sworn testimony from Cox that he had no such knowledge.  *See* Defs.' Mot. Summ. J. 21–22 (citing Tr. 77 (Apr. 16, 2018)).

Lauderdale acknowledged in responding to interrogatories that "many of [the] statements were made by . . . Bastani, not by [her]," and baldly asserted that she and Bastani were "well known . . . to be aligned with each other on matters of AFGE internal politics and AFGE's relationship with Local 12." Lauderdale Interrogs. 3, ECF No. 34-13.  That is not the standard for a protected speech claim under Section 101(a)(2). Nor on appeal does Lauderdale identify any specific instance of her protected speech.

Further, Lauderdale acknowledges that her responses to interrogatories were "admittedly broad," Appellants' Br. 8, and that she was "relying on the assumption that she would be allowed to expound on her responses during the pre-trial hearing on the motion for summary judgment," *id.* at 8–9.  She observes that the district court allowed only Bastani and McCarron to testify, not her, but makes no specific proffer of what she would have testified.  *Id.* at 9.  Lauderdale distinguishes *Helmer v. Briody*, 759 F. Supp. 170 (S.D.N.Y. 1991), cited by the district court, on the basis that unlike here,

7

the trial judge was familiar with the plaintiff's underlying assertions because he had examined them in depth in prior litigation. Appellants' Br. 9. But out-of-circuit precedent is neither binding on this court nor sufficient to eliminate the non-movant's burden in opposing summary judgment. The question before this court is whether the record shows that Lauderdale carried that burden. Because she has failed to do so, no reasonable jury could have found in her favor.

2.

The record shows that McCarron engaged in protected speech on at least one occasion, when he participated in 2016 in an AFGE employee picket line with Bastani. McCarron Dep. 10, ECF No. 34-6. But McCarron points to no evidence that this speech was the reason for his dismissal as Local 12's Treasurer. Absent evidence that Cox or Bunn was aware of his protected speech or acted in response to it, McCarron's claim fails on the third element because the allegation of retaliation lacks "any factual basis in the record." *Dist. Intown Props. Ltd. v. District of Columbia*, 198 F.3d 874, 878 (D.C. Cir. 1999). Consequently, as with Lauderdale, entry of summary judgment on McCarron's statutory speech claim was appropriate.

**B.**

The third officer, Bastani, challenges evidentiary rulings by the district court in allowing and omitting certain testimony at trial. Appellants' Br. 12–15. Principally he contends that the district court improperly found AFGE national president Cox unavailable pursuant to Federal Rule of Evidence 804(a)(4) and allowed "actors" to testify in his stead, depriving the jury of the critical opportunity to observe the AFGE witnesses'

8

demeanor and violating Bastani's due process rights. Appellants' Br. 5, 12–15.

Federal Rule of Evidence 804 provides in relevant part:

(a) **Criteria for Being Unavailable.** A declarant is considered to be unavailable as a witness if the declarant:

  . . .

  (4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or

  (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:

    (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6).

. . .

But this subdivision (a) does not apply if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying.

(b) **The Exceptions.** The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:

  (1) *Former Testimony.* Testimony that:

    (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and

9

(B)   is now offered against a party who had —
         or, in a civil case, whose predecessor in
         interest had — an opportunity and similar
         motive to develop it by direct, cross-, or
         redirect examination.

The Rule contemplates that a trial judge is well situated to
determine unavailability, given the "unique opportunity" the
judge is afforded "to evaluate the credibility of witnesses and
to weigh the evidence." *Inwood Lab'ys, Inc. v. Ives Lab'ys,
Inc.*, 456 U.S. 844, 855 (1982). The Advisory Committee notes
indicate that the Rule is sensitive to the preference for live
testimony, recognizing that the "opportunity to observe
demeanor is what in a large measure confers depth and
meaning upon oath and cross-examination." Fed. R. Evid.
804(b)(1). When a witness is unavailable to testify at trial, the
Rule permits the admission of former testimony only if the
party against whom the testimony is offered had an opportunity
to develop it. *Id.* Where, as here, an unavailable witness has
provided a sworn deposition in the same proceeding, the
hearsay exceptions provide that such earlier testimony may be
admitted. *See id.*; Tr. 24–25 (Mar. 11, 2020); *see also* Fed. R.
Civ. P. 32(a)(4).

The district court found pursuant to Rule 804(a)(4) that Cox
was unavailable to appear at the trial in person due to physical
illness. Cox's attorneys presented a note signed by Cox's
treating physician stating that Cox, who was to undergo a
shoulder surgery in North Carolina, was not cleared to travel to
the District of Columbia to testify during the pendency of the
trial. Tr. 5–6 (Mar. 9, 2020). The district court determined
that Cox was unavailable to testify in person and allowed his
prior sworn testimony to be read in by a substitute AFGE
representative. Tr. 24–25 (Mar. 11, 2020).

10

At trial, Bastani posed no objection to allowing Cox's earlier testimony to be read to the jury in his absence. *Id.*; Tr. 10–13 (Mar. 9, 2020). On appeal, his principal criticism of the district court's evidentiary ruling is that Cox's "clear game plan" was to avoid "fac[ing] the jury." Reply Br. 6. He suggests that AFGE sought to benefit from Cox's absence and "tr[ied] to divorce" Cox from their organization, as evidenced by the fact that Cox had left his AFGE position and relocated to North Carolina shortly before trial. *Id.*; Tr. 6–7 (Mar. 9, 2020). Despite efforts to procure Cox's attendance and testimony by subpoena, Bastani was unable to do so. Tr. 8–9 (Mar. 9, 2020).

The district court acknowledged that those circumstances might be relevant to a determination of witness unavailability under Federal Rule of Evidence 804(a)(5). Tr. 10 (Mar. 9, 2020). But because Cox had presented a medical rationale for his absence, the district court advised that he would rule Cox unavailable pursuant to Rule 804(a)(4), not Rule 804(a)(5). Bastani's counsel did not then object, although he had earlier objected to Cox's "last minute" notice of the medical procedure. *Id.* at 8. On appeal, Bastani does not maintain that AFGE "procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying." FED. R. EVID. 804(a). Neither does he challenge the legitimacy or sufficiency of the documentation of Cox's unavailability on which the district court relied.

To preserve a claim of error on appeal, a party typically must raise the issue before the trial court. *Salazar*, 602 F.3d at 436; *District of Columbia v. Air Fla., Inc.*, 750 F.2d 1077, 1084 (D.C. Cir. 1984). Were this court to find that Bastani forfeited objections to the Rule 804(a)(4) ruling, he would be required to demonstrate plain error affecting a substantial right and he

11

has not done so.  For instance, at no point does he maintain that the district court's error is "clear under current law," *Olano*, 507 U.S. at 734, or show beyond bare assertion that the evidentiary ruling affected the outcome of the proceedings or impinged upon his "substantial rights," *id.* at 734–36.  Absent such a showing, the district court's ruling would not warrant an exercise of remedial discretion by this court.  *Salazar*, 602 F.3d at 434 (citing *Flynn v. Comm'r*, 269 F.3d 1064, 1069 (D.C. Cir. 2001)).

Even were this court to conclude that the Rule 804(a)(4) objection was not forfeited at trial, Bastani failed to include the challenge in his opening brief before this court, and so the argument in his reply brief comes too late.  *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008); *see United States ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488, 497 (D.C. Cir. 2004).  Even assuming he preserved the issue on appeal, Bastani's argument fails to show an abuse of discretion by the district court.  *See Bowie*, 642 F.3d at 1134.  He does not maintain, for example, that the district court's reliance on the doctor's note submitted by Cox was "clearly unreasonable, arbitrary, or fanciful." *Id.* at 1136 (quoting *Charter Oil Co. v. Am. Emps.' Ins. Co.*, 69 F.3d 1160, 1171 (D.C. Cir. 1995)).  Instead, he objects only that "[t]he trial judge failed to recognize" that AFGE "took no steps to obtain [Cox's] visual testimony by any electronic means."  Reply Br. 7.  But Federal Rule of Evidence 804 does not make this a requirement.  Absent a showing of error in the district court's ruling pursuant to Rule 804(a)(4) that Cox was unavailable due to an uncontested physical infirmity, there was no abuse of discretion.

Bastani has forfeited additional arguments by failing to raise them in the district court, *Salazar*, 602 F.3d at 436, namely that AFGE failed to provide timely notice of its witness

12

list and that the district court erred by not demanding the appearance of additional witnesses Nate Nelson and an AFGE auditor, Appellants' Br. 12, 14–15.   On appeal, his arguments are insufficiently elaborated and forfeited on that ground as well. *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005).

Accordingly, the court affirms the judgments for AFGE as to each former Local 12 officer's Section 101(a)(2) claim.